## McKENZIE v. GILMORE.

### No. 18,067; June 3, 1893.

#### 33 Pac. 262.

**Highway—Dedication—What Constitutes.**—Defendant, for the purpose of changing the course of a highway, opened a road through his land, fenced it on both sides, allowed it to be used by the public, and to be worked and controlled by the public authorities. Held, that the road was dedicated to the public.

Highway—Dedication—Revocation.—Where a person dedicates land for a public highway he cannot afterward reclaim the same by showing that he was induced to make such dedication by the promise of a neighbor to give him the use of other lands, and that he had ceased to use such lands.

Highway—Dedication—Abandonment.—A petition asking that a highway be vacated was presented to a board of supervisors. Viewers were appointed, and in their report they recommended that the highway be made a private road, and that the owners of the land over which the road passed give a deed to the county for the private road. The board made an order adopting the report, but no deeds of the land were ever made. Held, that the order of the supervisors was not an abandonment of the highway.

APPEAL from Superior Court, Tehama County; Edward Sweeney, Judge.

Action by Isaac McKenzie against John Gilmore to cause obstructions to be removed from a highway. Judgment was rendered for defendant, and plaintiff appeals. Reversed.

N. P. Chipman for appellant; L. V. Hitchcock and J. T. Matlock for respondent.

TEMPLE, C.—This is an action brought by a road overseer to cause certain obstructions to be removed from the public highway. The cause was tried with the aid of a jury, which found for the defendant. The plaintiff appeals from the judgment, and from an order refusing a new trial.

There are numerous assignments of error in the record, but I think it necessary to notice but a few of them. The existence of the highway for a portion of the way was shown by proceedings before the board of supervisors, which resulted in an order establishing the road. Between certain points this road had been changed by one Hickman, who opened a road across his land, fenced it on both sides, and allowed it to be used by the public, and to be worked and controlled by the public authorities. The old road had been fenced up. It was claimed that the new road was dedicated by Hickman to the public. Defendant was permitted to show, as rebutting the presumption which would arise from the above and other acts on the part of Hickman, that Hickman had opened the road to the public in consideration of the promise of one of his

neighbors that he should have the use of certain other land if he would allow the new road to be opened, and that subsequently he had ceased to use the land given him as a consideration. This was clearly erroneous. The facts being assumed, there was a complete dedication to the public. The effect of the acts of Hickman, which show a dedication, cannot be qualified by evidence that he was induced to dedicate by his neighbor. If such proof could have any effect, it would strengthen the proof of dedication. He proves that he did dedicate when he shows that he was paid by a neighbor to do so, and tries to avoid the effect of his acts by showing partial failure of consideration. The use was not given to Copeland, but to the public, by acts indicating an offer without condition. It was also error to allow proof that Cone had consented to the obstructions, or had himself obstructed the road at another point, except so far as such proof might tend to discredit Cone as a witness. On the trial the defendant admitted the erection and maintenance of the gates which constituted the obstruction complained of, but justified on the ground that the highway, if one ever existed, had been vacated by the board of supervisors. In this matter it appeared that a petition was presented to the board, signed by the defendant and several others, asking that the road be vacated. A day was set for the hearing, when viewers were appointed, who subsequently reported to the board, stating, among other things, that Gilmore agreed to give Cone and Hickman a private road twenty-five feet wide, and concluding as follows: "Being that a portion of this road has recently been abandoned, we recommend that the road prescribed in this report be made a private road, and that the land owners over' which the road passes give a deed to the county for a private road on the route as described above, which is shown more particularly by the accompanying plat." After the filing of this report the board made the following order: "In the matter of the road in Antelope road district, known as the 'Gilmore Private Road,' it was ordered by the board that the viewers' report be adopted." Deeds were not taken from the land owners for the right of way, nor were any steps taken to establish a private road. The last order was made June 5, 1889. Nothing further seems to have been done until December 4, 1889, when the board made an order rescinding an order made April 3, 1889, pertaining to

gates on Gilmore's land, and ordering the road master to open the road to the public.

Under the last order the plaintiff assumes to be acting. Defendant contends that the order of June 5th is an order vacating the road. That a private road could not be established until the public road was first vacated. Therefore, although the report did not in terms recommend that the road be vacated, such is necessarily implied, and by adopting it the board must be held to have vacated the highway, although it was not competent for them to convert it into a private road in that way.

I do not think this position can be maintained. An order vacating a public highway is legislative, and the enactment ought to appear in the order. Great strictness is not required, but, if an order may be helped by such a reference, the report referred to should itself be sufficient to indicate the act determined upon. The statute does not provide for viewers in the matter of the discontinuance of a highway. The provisions in regard to viewers evidently refer only to laying out and altering highways. By the twenty-first section of the county government act of 1883, in force when these proceedings were had, it was provided that the board should cause to be kept a road book containing all proceedings and adjudications relating to the establishment and discontinuance of roads, etc. This matter does not seem to have been entered in such book. The report adopted did not recommend the abandonment of the road, but that deeds be taken of a right of way for a private road twenty-five feet wide, and then the laying out of a private road. The adoption of the report was an indication that the board would pursue that course, but no conveyances were received, and to lay out a private road would seem to require the concurrence of the person chiefly interested: Pol. Code, sec. 2692. Although the board indicated a willingness to pursue that course, it does not appear that they had the power to do so. Under the circumstances, I do not think the order was an abandonment of the highway, and it was therefore error to admit it in evidence over the objection of plaintiff.

This will dispose of many exceptions taken. If the order were excluded, no instructions in regard to its effect would be required. The plaintiff was entitled to an instruction as to

the right of defendant to erect gates across a public highway, and the instruction offered upon that subject should have been given. I think the court erred in giving the fourth and seventh instructions asked for by the defendant. The fourth was upon a matter which had no bearing upon the issues in the case, and the seventh was erroneous. ·Neither the public nor the county is responsible for unauthorized acts of the board of supervisors. Their acts, when ultra vires, are simply void, and cannot be imputed to the public. I think the judgment and order should be reversed, and a new trial had.

We concur: Vanclief, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial ordered.